**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL FERNANDEZ-MANZANO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-70161

Agency No. A090-514-389

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2020**

Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and CHRISTENSEN,***
District Judge.

Daniel Fernandez-Manzano, a native and citizen of Mexico, petitions for

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel vacated submission of this case pending resolution of
*United States v. Rodriguez-Gamboa*, 972 F.3d 1148 (9th Cir. 2020).  The panel
hereby re-submits this case as of the date this memorandum is filed.

***     The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

review of a Board of Immigration Appeals (BIA) removal order based on his California conviction for possessing methamphetamine for sale. We have jurisdiction under 8 U.S.C. § 1252 and, reviewing the BIA's "legal conclusions de novo and its factual findings for substantial evidence," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (citation omitted), we deny the petition.

1. Fernandez-Manzano challenges the BIA's determination that his conviction for possessing methamphetamine for sale under California Health and Safety Code § 11378 disqualified him from asylum and cancellation of removal. He argues that, for purposes of the "categorical approach," the state law is overbroad since it criminalizes the possession for sale of methamphetamine's geometric isomers, whereas federal law does not. Assuming that we can consider this argument, it is foreclosed by *United States v. Rodriguez-Gamboa*, 972 F.3d 1148 (9th Cir. 2020). There we explained that, because methamphetamine has no geometric isomers, it was impossible for a defendant to face criminal liability for their possession. *Id.* at 1153-54. Given that "the purpose of the categorical approach is to ascertain whether the defendant was necessarily convicted in state court of conduct that would also violate the relevant federal law," we held that the statute was not actually overbroad. *Id.* at 1152-54.

2. Fernandez-Manzano also contends that the U.S. Department of Homeland

Security failed to establish his removability based on his § 11378 conviction by "clear and convincing evidence." *See* 8 U.S.C. § 1229a(c)(3)(A). He argues that the agency's introduction of his conviction records—the complaint, sentencing memorandum, and plea agreement—was untimely and that the sentencing memorandum was not signed by a judicial officer. These arguments are unavailing. The immigration judge (IJ) has wide latitude to control filing deadlines, *see* 8 C.F.R. § 1003.31(c), and we are unaware of any requirement that a judicial officer must sign otherwise-certified records, *see id.* § 1003.41. Taken together, the documents provide substantial evidence for the BIA's conclusion that Fernandez-Manzano had, in fact, been convicted of possessing methamphetamine for sale under § 11378.

3. Finally, Fernandez-Manzano faults the BIA for affirming the IJ's finding that he was sufficiently competent to participate in his removal proceedings. The IJ held a competency hearing and found that, although Fernandez-Manzano suffered from a diminished mental capacity, he was able to answer questions and understood the nature and purpose of the proceedings. Furthermore, the IJ implemented several procedural safeguards, including re-serving the Notice to Appear on Fernandez-Manzano's wife and counsel, allowing his wife to sit with him during the hearing, and permitting his counsel to ask him leading questions. The IJ's approach comported with agency procedure, *see Matter of M-A-M-*, 25 I.

& N. Dec. 474 (BIA 2011), and Fernandez-Manzano has not shown that it inadequately protected his due process rights, *see Salgado v. Sessions*, 889 F.3d 982, 988-89 (9th Cir. 2018). We therefore conclude that the BIA did not err in ordering him removed.[1]

**PETITION DENIED.**

---

[1] The BIA denied Fernandez-Manzano withholding of removal because he had failed to show a likelihood of persecution on account of a protected ground. Fernandez-Manzano does not challenge this determination on appeal and has therefore waived the issue. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").